UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Gary M. Porter

    v.                                  Civil No. 13-cv-268-PB

William Wrenn at al.[1]


**REPORT AND RECOMMENDATION**

Before the court is pro se plaintiff Gary M. Porter's complaint (doc. nos. 1, 7, and 9-1).[2] Porter is an inmate at the New Hampshire State Prison ("NHSP"). Because Porter is proceeding in forma pauperis, the matter is before this magistrate judge for preliminary review. See 28 U.S.C. §§ 1915(e)(2); 1915A; LR 4.3(d)(2).

---

[1] Porter has named as defendants New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn, New Hampshire State Prison ("NHSP") Warden Richard Gerry, NHSP Unit Manager Robert McGrath, NHSP Lt. James Brown, NHSP Corrections Officer Steve Clark, and (former) NH DOC Hearings Officer Lester C. Eldridge.

[2] The court has granted Porter's motion to amend (doc. no. 9) and motion seeking to add a retaliation claim to this action (doc. no. 7). The original complaint (doc. no. 1) with exhibits, the allegations in Document No. 7, and the amended complaint (doc. no. 9-1) with exhibits, taken together, are deemed to be the "complaint" for all purposes in this action.

## Standard

In determining whether a pro se complaint states a claim, the court construes the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Background

### I.   January 9 Seizure

On January 9, 2013, NHSP Corrections Officer ("C.O.") Steve Clark and NHSP Lt. James Brown searched Porter's cell and seized a trash bag of property, but did not provide Porter with a receipt and inventory of all of the items seized.  Porter later saw some of his property, untagged, spread across Brown's desk.

On January 17, 2013, Clark gave Porter an incomplete inventory of the seized items.  That inventory did not list several Nintendo/Gameboy gaming consoles and a game cartridge, which the officers had taken from Porter's cell, and which were listed in a January 10, 2013, disciplinary report as contraband seized from Porter's cell during the January 9 search.  Porter

asserts that NHSP policies require officers to tag, inventory, and provide the inmate with a receipt for all property taken, and that the failure of Clark and Brown to follow those procedures violated Porter's right to due process.

II. January/February 2013 Disciplinary Proceedings

Porter alleges that several disciplinary charges were filed against him relating to the January 9, 2013, cell search. Porter asserts that at his disciplinary hearing, the hearing officer was biased, uncorroborated confidential informant information was used against him, the infraction date on the evidentiary report was listed as January 10 instead of January 9, and the uninventoried gaming consoles and cartridge were used as evidence against him. Porter alleges that these facts violated various prison policies and Porter's right to due process. Porter was found guilty in February 2013, and his appeal was unsuccessful.

III. Classification

Porter asserts that several days after he filed this action, on July 5, 2013, a DOC classification review team conducted a routine consideration of a reduction in Porter's heightened C-4 classification. Porter asserts that the team may

deny a reduction only upon "documentable circumstances of risk to institutional security or public safety." Porter asserts that although he argued that his federal constitutional rights had been violated in the disciplinary proceedings that resulted in his C-4 classification, the team determined that Porter should remain in C-4 status for at least 60 days, based on one team member's statement that in March 2013, Porter had been convicted of the disciplinary offense of violating a state or federal law (trading prescription medications for property).

### Claims[3]

1. Defendants violated Porter's Fourteenth Amendment right to due process when NHSP officers seized Porter's property and failed to tag, inventory, and provide Porter a receipt for the seized items on January 9, 2013.

2. Defendants violated Porter's Fourteenth Amendment right to due process in disciplinary proceedings which involved procedural irregularities, including: (a) an incorrect date on the disciplinary report; (b) a biased hearing officer; (c) reliance on uncorroborated confidential informant testimony; (d) the use of uninventoried property as evidence against Porter; and (e) alteration of the tape recording of the proceeding by the hearing officer.

---

[3]In the original complaint, but not in the amended complaint, Porter asserted in a conclusory manner that his right to equal protection had been violated. Porter appears to have abandoned that claim. To the extent he still intends to assert it, the court should dismiss the claim as the factual allegations of the complaint fail to show that Porter suffered any impermissible discrimination, class-based or otherwise.

3.   Prison officials retaliated against Porter for exercising his First Amendment right to file a lawsuit when they refused to reduce Porter's C-4 classification.

4.   Defendants are liable to plaintiff for violations of state law arising out of the claims asserted above.

## Discussion

I.   Federal Claims

   A.   January 2013 Seizure

To the extent that Porter claims that officers violated his right to due process by confiscating items from his cell, he has failed to state a plausible claim for relief.  See Levesque v. New Hampshire, No. 09-CV-248-JD, 2010 WL 2367346, at *39 (D.N.H. May 12, 2010) ("[c]laims alleging the theft, damage, loss or other misappropriation of property are not actionable under 42 U.S.C. § 1983 where, as here, there is an adequate post-deprivation state remedy available" (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984), and N.H. Rev. Stat. Ann. §§ 541-B:9(II) & (IV), and 541-B:14 (providing a post-deprivation means of recouping property loss attributable to state))), report and recommendation adopted, No. 09-CV-248-JD, 2010 WL 2367231 (D.N.H. June 9, 2010).

To the extent Porter's assertion of a due process claim arises out of defendants' failure to tag, inventory, and provide

5

receipts for all property taken from his cell on January 9, 2013, he fails to state a plausible claim for relief.  Porter has not demonstrated that he was denied a meaningful opportunity to challenge the seizure of his property in any post-deprivation proceeding to which he was entitled.  The alleged variance between the disciplinary report's list of contraband, and the January 17 inventory, does not establish a plausible due process claim as to the seizure.  Cf. Brown v. Graham, 9:07-CV-1353 FJS ATB, 2010 WL 6428251, at *10 (N.D.N.Y. Mar. 30, 2010) (officer's failure to provide inmate with receipt for seized property does not constitute due process violation), report and recommendation adopted, No. 9:07-CV-1353 FJS ATB, 2011 WL 1213482 (N.D.N.Y. Mar. 31, 2011), aff'd on other grounds, 470 F. App'x 11, 14 (2d Cir. 2012).  Accordingly, the court should dismiss Porter's due process claim, identified as Claim 1 above.

    B.    January/February Disciplinary Proceedings

Porter claims that defendants involved in the January/February 2013 disciplinary proceedings violated his right to due process.  The protections of the Due Process Clause of the Fourteenth Amendment are triggered if there is a deprivation of a protected interest in life, liberty, or property.  "For a prisoner, such a deprivation occurs when the

6

prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,'" Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (quoting Sandin, 515 U.S. at 484), or when the restraint "exceed[s] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," Sandin, 515 U.S. at 484. Here, Porter has not shown that any of the restraints imposed in connection with the disciplinary charges exceeded the terms of his prison sentence, or otherwise imposed an atypical or significant hardship upon him in relation to the ordinary incidents of prison life. Accordingly, the court should dismiss Claim 2.

    C.    <u>July 2013 Classification Review Proceeding</u>

Porter asserts that the classification review team's decision not to immediately reduce the term of his C-4 classification was retaliatory for Porter's filing this lawsuit. To state a claim for retaliation for the exercise of First Amendment rights, an inmate must allege, among other things, that he suffered adverse action at the hands of the prison officials, and that there was a causal link between the exercise of his First Amendment rights and the adverse action taken. <u>See</u> <u>Hannon v. Beard</u>, 645 F.3d 45, 48 (1st Cir. 2011).

Porter has alleged that the classification team met in early July 2013 pursuant to a prison policy that requires a 90-day review; he has not alleged facts to show that the timing of the review was suspect.  Further, none of the classification team members are alleged to have known that Porter had filed this lawsuit at the time their decision was made.  Accordingly, the court should dismiss Porter's retaliation claim, identified as Claim 3 above.

II.  State Law Claims

The remaining claims in the case are asserted under state law.  This court may decline to exercise supplemental jurisdiction over state law claims where, as here, all of the claims over which the court has original jurisdiction have been dismissed.  28 U.S.C. § 1367(a) and (c)(3).  Accordingly, all of Porter's state law claims (identified above as Claim 4) should be dismissed without prejudice to being raised in the state courts.

Conclusion

For the foregoing reasons, the complaint (doc. nos. 1, 7, and 9-1) should be dismissed in its entirety.  The federal claims (Claims 1-3 herein) should be dismissed with prejudice,

and the state claims (Claim 4 herein) should be dismissed without prejudice to being raised in the state courts.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

November 22, 2013

cc: Gary M. Porter, pro se

LBM:nmd